## LION MATCH CO., INC.
### vs.
## JOHNSON WHOLESALE PERFUME CO., INC.

Superior Court       New Haven County       File #52945

MEMORANDUM FILED APRIL 26, 1938.

Bernblum & Bernblum, of New Haven, for the Plaintiff.

Levy & Levy, of New Haven, for the Defendant.

FOSTER, J. The plaintiff claims in its substituted complaint that it manufactured for the defendant a million books of matches, of which it delivered and received payment for a part and is ready to deliver the remainder, but that the defendant refuses to accept or pay for such remainder. The plaintiff bases its claim upon a written order dated December 4, 1934, signed by the defendant and a written acceptance dated February 21, 1935, signed by the plaintiff. The plaintiff claims that the order and acceptance constitute the contract.

The defendant in its answer claims by way of special defense that by a letter dated November 13, 1934 the plaintiff stated in part "a blanket order for one million may be placed at $3.60 per M, plus 10c per M. extra for the inside imprint, with shipments billed at above price, but if at the end of the maximum time limit of two years, you do not consume that quantity, the balance may be cancelled and the quantity you have consumed in that period of time will be billed you at that quantitys' prevailing price at date of order, in other words if your shipments have been billed to you at a price of $3.70 per M and at the end of the above time, two years, you wish contract cancelled and you have only consumed 650,000, an additional invoice of 25c per M for the 650,000 will be sent you." The defendant claims that in accordance with Exhibits 1 and 2 attached to the answer it cancelled the contract and offered the additional money required by the terms of the contract and has made tender of such money and is willing ready and able to pay such money, but the plaintiff has refused to accept the same.

The defendant claims that the contract consists of the letter and price list dated November 13, 1934, the order dated December 4, 1934 and the acceptance dated February 21, 1935.

The plaintiff demurs to the special defense of the answer on the ground that the defendant thus attempts to vary by extrinsic evidence a written contract.

The claim of the defendant that Exhibits 1 and 2 attached to the answer are part of the contract, if true, constitute a good defense. The demurrer necessarily admits the truth of such allegations in the answer.

The defendant by its special defense does not attempt to

vary the contract by making any change in the import of the words and figures contained in the order and acceptance, Exhibits A and B attached to the substituted complaint. It claims that Exhibits A and B do not constitute the whole contract; that the whole contract consists of Exhibits A, B, 1 and 2. There is no attempt in the answer to vary the terms of a written contract. The answer raises the issue as to what constituted the contract—what was the contract between the parties.

The question upon this issue is what was the intent of the parties. This cannot be decided upon this demurrer, which by its nature admits the truth of the allegations of the pleadings to which it is addressed. It can only be decided upon evidence adduced at the trial of the case.

The demurrer is overruled.